**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0349n.06

No. 14-1040

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
May 08, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID BALFOUR, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CAROL HOWES, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE: GUY, COOK, McKEAGUE, Circuit Judges.**

**McKEAGUE, Circuit Judge.** The state of Michigan appeals the district court's order granting David Balfour an unconditional writ of habeas corpus. The district court had first issued a conditional writ ordering the state to conduct a *Remmer* hearing within 90 days or to release Balfour. As the record shows, a timely *Remmer* hearing was held where Balfour and the state were each given an opportunity to question the allegedly biased juror. Nevertheless, the district court ordered Balfour released because certain witnesses were not called and because Balfour was not represented by counsel. We reverse the district court because the state cured the defect identified in the conditional writ—a due process violation stemming from earlier denial of a *Remmer* hearing—and thus complied with the terms of the conditional writ.

**I.**

David Balfour was convicted by a Michigan jury of first-degree murder and arson. According to the trial evidence, Balfour gave his wife a lethal dose of morphine and then burned their house down with his wife still inside. Balfour was sentenced to life without parole on the murder conviction and a term of three to twenty years on the arson conviction.

Balfour filed a motion for relief from the judgment in the state trial court, alleging juror bias. Specifically, Balfour alleged that juror Julie Gunning had not informed the court of her relationship with two prosecutors handling Balfour's trial. In support, Balfour attached two affidavits: One from an investigative reporter, alleging the prosecutors had been "in and out" of the courtroom during the domestic-assault trial of Gunning's husband, at which Gunning had testified, and that one of the prosecutors had employed Gunning's daughter as a family babysitter. The second affidavit came from Balfour's lawyer, Rosemary Gordon. In it, Gordon recalled overhearing the prosecutors tell a third prosecutor "they weren't going to tell anyone [about knowing Gunning] because she would be helpful to them and if the defense counsels were too stupid to ask, they weren't going to tell." (R. 42, Page ID # 4187.) The trial court denied the motion, citing an insufficient showing of prejudice. The state court of appeals affirmed, *People v. Balfour*, 2003 WL 22443411 (Mich. Ct. App. Oct. 28, 2003), and the state supreme court denied leave to appeal, *People v. Balfour*, 679 N.W.2d 59 (Mich. 2004).

Balfour next filed a 28 U.S.C. § 2254 petition in federal district court. The district court denied relief on all of Balfour's claims but one: it found the state trial court had unreasonably applied *Remmer v. United States*, 347 U.S. 227 (1954), when it rejected

Balfour's juror-bias claim without conducting an evidentiary hearing. The district court then issued a conditional writ of habeas corpus, requiring the state to hold a *Remmer* hearing within 90 days of the writ's issuance or to release Balfour.

Thereafter, Gordon filed a motion in the district court seeking to withdraw as Balfour's counsel and requesting appointment of new counsel for the *Remmer* hearing. The district court denied the motion, reasoning that only a state court could appoint counsel for the hearing. In the meantime, the state chose not to appeal the conditional order and held the *Remmer* hearing on July 18, eleven days before the deadline. When Gordon failed to appear at the hearing, Balfour addressed the court and requested appointment of counsel. The court denied the request and the hearing commenced with Balfour proceeding pro se.

Gunning took the stand and was questioned by the state, Balfour, and the judge. On the stand, Gunning explained that although she remembered the prosecutors from her husband's trial, she did not have a personal relationship with them or anyone else in the prosecutors' office. She further explained that, in deciding Balfour's guilt, she had only considered the evidence presented at trial. At the hearing's conclusion, the trial judge rejected the juror-bias claim, finding Gunning's testimony to be credible.

Balfour then returned to the district court and moved pro se for an unconditional writ. In granting the unconditional writ, the district court reasoned that the state had held a "mere *pro forma* hearing on the claim at issue" (R. 49, Page ID # 4287), pointing both to the refusal to appoint counsel and to the failure to call the prosecutors at issue.

The state now appeals the grant of the unconditional writ.

3

**II.**

After issuing a conditional order of a writ of a habeas corpus, a district court retains jurisdiction to determine whether the state has complied with its order. *See Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). We have jurisdiction to review the district court's determination, a review which we conduct de novo. *See Patterson v. Haskins*, 470 F.3d 645, 668 (6th Cir. 2006) (citing 28 U.S.C. § 2253(c)(1)).

Here, we hold that the state of Michigan complied with the district court's conditional writ ordering it to hold a *Remmer* hearing and that the district court's ruling to the contrary was in error. The terms of the conditional writ were as follows:

> It is hereby ORDERED that Petitioner be afforded an evidentiary hearing in the trial court to determine whether juror Julie Gunning was biased. The evidentiary hearing must be held within ninety (90) days from the entry of this order or ninety (90) days after any appellate review is final, whichever date is later. If the hearing is not held within that time, Respondent is ordered to release Petitioner from custody.

On this record, it is clear the state held a hearing to determine whether Gunning was biased, a hearing which it held eleven days before the conditional order's deadline. It is also clear that at the hearing, Balfour, the state, and the judge all had an opportunity to question Gunning on her alleged bias and that, on the basis of Gunning's testimony, the judge concluded Gunning had not been biased by any prior relationship with the prosecutors.

"[A] hearing with all interested parties permitted to participate" is what the Supreme Court required in *Remmer v. United States*, 347 U.S. 227, 230 (1954), to comport with due process. When the state conducted a hearing and permitted Balfour to participate, the state served to remedy the due process violation identified in the writ and to comply with the terms of the district court's order. It was thus error to order Balfour released. *See Gentry*, 456 F.3d at

4

692 ("If the state complies with [the district court's] order, the petitioner will not be released; if the state fails to comply with its order, release will occur." (internal quotation marks omitted)).

In its order, the district court explained it was releasing Balfour on two grounds: first, the prosecutors were not called at the hearing and, second, the state court arguably did not follow its own procedures requiring the appointment of counsel. Neither ground implicates the constitutionality of the *Remmer* hearing conducted. While the state could have called the prosecutors for questioning, the constitutionality of the *Remmer* hearing did not hinge upon the prosecutors being called and questioned.[1] As the Supreme Court held in *Smith v. Phillips*, 455 U.S. 209 (1982), the testimony of an allegedly biased juror is not inherently suspect but may be credited by the trial court in determining whether the juror was biased. *Id*. at 217 n.7. And while the state court might have violated its own procedures by failing to appoint counsel, a violation of state procedure is not grounds for federal habeas relief as "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).[2]

---

[1] Balfour contends that a constitutionally proper *Remmer* hearing necessarily includes the defendant's representation by counsel at the hearing. However, as the state correctly notes, the Supreme Court has never recognized a right to counsel at *Remmer* hearings. *See* Appellant Br. at 25–26. And, in fact, the Supreme Court has held that no right to counsel attaches to post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). As such, the state court's failure to appoint counsel did not render the *Remmer* hearing constitutionally inadequate.

[2] Though a state's arbitrary application of its own procedural rule can, under certain circumstances, be a constitutional due process violation, *see Mack v. Caspari*, 92 F.3d 637, 640 (8th Cir. 1996), neither Balfour nor the district court have suggested that Balfour's due process rights were violated by the failure to appoint counsel.

**III.**

Because the state conducted a constitutionally adequate *Remmer* hearing and thus complied with the district court's conditional order, we REVERSE the decision to grant David Balfour an unconditional writ of habeas corpus.